UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA ex rel.　　　　　　　　　　CIVIL ACTION
CLARENCE D. NOBLE

VERSUS　　　　　　　　　　　　　　　　　　　　NUMBER: 11-02988

STATE OF LOUISIANA　　　　　　　　　　　　　　SECTION: "H"(5)
LOUISIANA SUPREME COURT

**REPORT AND RECOMMENDATION**

　　　The above-captioned petition for writ of mandamus previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915. The pertinent portions of the latter statute direct that a court shall dismiss a case at any time if it is determined that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

　　　Clarence D. Noble, petitioner herein, is a state prisoner who is presently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. (See rec. doc. 5, p. 1 in 11-CV-2866 "S"(3)). By way of his present writ of mandamus, Noble seeks an order of this Court directing the Louisiana Supreme Court to act

upon a writ application that he filed with that tribunal on July 20, 2010. (Petition at pp. 1-6).

The sole relief requested by plaintiff in the instant matter is the nature of mandamus. On that score, the law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. See <u>Santee v. Quinlan</u>, 115 F.3d 355, 357 (5th Cir. 1997); <u>Russell v. Knight</u>, 488 F.2d 96 (5th Cir. 1973); <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275 (5th Cir. 1973); <u>Lamar v. 118th Judicial District Court of Texas</u>, 440 F.2d 383 (5th Cir. 1971); <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384 (6th Cir. 1970). It will therefore be recommended that Noble's petition for writ of mandamus be dismissed as frivolous and for failure to state a claim upon which relief can be granted.[1]

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Noble's petition for writ of mandamus be dismissed as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

---

[1] The Court parenthetically notes that the Louisiana Supreme Court recently denied Noble's writ application on October 7, 2011. <u>State ex rel. Noble v. State</u>, 71 So.3d 299 (La. 2011).

judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  13th  day of    December   , 2011 .

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE